HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SANDI L. RIVERS,

    Plaintiff,

v.

CITIMORTGAGE, INC.,

    Defendant.

CASE NO. C10-2013RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on the motion of Defendant CitiMortgage, Inc. ("Citi") to dismiss Plaintiff Sandi Rivers' complaint. Dkt. # 9. No one has requested oral argument, and the court finds argument unnecessary. For the reasons stated below, the court GRANTS the motion in part and DENIES it in part.

## II. BACKGROUND

Ms. Rivers faces unfortunate circumstances. She has been declared in default on her home loan, and Citi has taken steps to foreclose on her home. A trustee's sale[1] was set for January 14, 2011, although the court does not know if the sale actually occurred.

---

[1] In Washington, the most common vehicle for financing residential property is a deed of trust. The homeowner borrows money from a lender, signing a promissory note in which she agrees to repay the loan. The security instrument for the note is a deed of trust. The deed appoints a trustee to hold equitable title to the property, with the lender as the beneficiary of the trust. The trustee, who owes a duty of good faith to both the borrower and the lender, has various powers, including the power to sell the property at a trustee's sale if the borrower defaults on the loan. RCW § 61.24.010(4) (establishing trustee's duty of good faith); RCW §§ 61.24.030, 61.24.040 (establishing prerequisites for trustee's sale).

ORDER – 1

Faced with the loss of her home, Ms. Rivers sought a remedy by filing a lawsuit in this court. To begin that suit, she was required to file a complaint containing a "short and plain statement of [her] claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Instead, Ms. Rivers filed a 34-page complaint that is, in large part, impossible to comprehend. The complaint does, however, make reference to numerous documents. Ms. Rivers attached some of these documents to her complaint. Others have been recorded at the King County Recorder's Office, and the court thus can take judicial notice of them. Citi attaches other documents as exhibits to its motion to dismiss. The court begins its review of Ms. Rivers' claims by summarizing those documents.[2]

In March 2008, Ms. Rivers bought a home in Des Moines, Washington. Public records suggest that she financed that transaction by signing a promissory note and a deed of trust. KCR 20080327002012. In June 2008, she refinanced her home. She signed a promissory note on June 19, 2008, promising to repay a $251,500 loan from Home Loan Center, Inc. ("HLC"), her original lender. Citi. Mot., Ex. 1. The copy of the note in the record is a focus of the court's later analysis, necessitating a few preliminary observations. First, Ms. Rivers refers to the note repeatedly in her complaint, but does not attach it to her complaint or to any other document in the record. Citi attached a version of the note to its motion to dismiss. That version contains Ms. Rivers' notarized signature. That version is not, however, a reproduction of the note as Ms. Rivers' originally signed it, because it contains an endorsement page in which HLC endorses the note to Citi. That endorsement did not exist when Ms. Rivers signed the note. The endorsement is undated.

Although Ms. Rivers repeatedly contends that the note is "fraudulent," she does not deny that she signed it, and she does not deny that she either received $251,000 or

---

[2] Documents available at the King County Recorder are indexed with a number that begins with the date of recording as an eight-digit number consisting of the four-digit year, two-digit month, and two-digit date. Citations that begin "KCR" are to these recording numbers. Where a document is both recorded and included in documents before the court, the court provides the recording number only in its initial citation.

ORDER – 2

that the holder of her original note received $251,000 to pay it off. *See* KCR 20080701001855 (Jun. 26, 2008 reconveyance of Ms. Rivers' original deed of trust). It is undisputed that Citi, the only Defendant in this case, had nothing to do with the execution of the note.

On the same day she signed the note, Ms. Rivers signed a deed of trust. Citi Mot., Ex. 2 (KCR 20080703000094). The deed of trust appointed T.D. Escrow Services, Inc. ("TD Escrow") as the trustee, with Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary in its capacity as the "nominee for Lender [HLC] and Lender's [HLC's] successors and assigns." *Id.* at 2-3.

Both the deed of trust and the note were transferable. The note declares that the borrower "understand[s] that Lender may transfer this Note." Citi Mot., Ex. 1 at 1. The note also acknowledges that it is executed simultaneously with a deed of trust. *Id.* at 4. The deed of trust, in turn explains that "[t]he Note or a partial interest in the Note (together with this security instrument) can be sold one or more times without prior notice to the Borrower." Citi Mot., Ex. 2 at 14. The deed of trust also gives the lender the power to appoint a successor trustee. *Id.* at 16.

On January 8, 2010, MERS assigned the deed of trust to Citi. Citi Mot., Ex. 4 (KCR 20100114001474). The assignment declares that the deed of trust was assigned "[t]ogether with note or notes therein described or referred to . . . ." *Id.* On the same day, MERS appointed Northwest Trustee Services, Inc. ("NW Trustee") as the successor trustee. Citi Mot., Ex. 5 (KCR 20100114001475).

On December 16, 2009, NW Trustee issued a notice of default to Ms. Rivers in its capacity as Citi's "duly authorized agent." Def.'s Mot., Ex. 3. The notice of default states that Citi is the beneficiary of the deed of trust as of that date, even though the assignment of the deed of trust to Citi is dated January 8, 2010. *Compare* Citi Mot., Ex. 3 *with* Ex. 4.

ORDER – 3

On February 3, 2010, someone recorded a notice of trustee's sale dated February 2, 2010. Citi Mot., Ex. 6 (KCR 20100203000985). That notice, which NW Trustee issued, sets a sale date of May 7, 2010. *Id.* That sale apparently did not occur, because on December 2, 2010, someone recorded an amended notice of trustee's sale, which NW Trustee again issued, this time setting a trustee's sale for January 14, 2011. KCR 20101202001710. The court does not know if Ms. Rivers' home has been sold. The court notes, moreover, that Ms. Rivers has not moved for a preliminary injunction or other pre-judgment injunctive relief to stop any trustee's sale.

With the preceding review of documents in mind, the court now reviews the allegations of Ms. Rivers' complaint. The court starts near the end of the complaint, where she states her causes of action. She wants the Washington Deed of Trust Act (RCW Ch. 61.24) declared unconstitutional. ¶ 124.[3] Citi has damaged her, she contends, by "benefiting from, or intending to benefit from the following: "a fully executed fraudulent foreclosure of the Subject Property," ¶ 125, a "fraudulent declaration of default of the fraudulent mortgage Loan," ¶ 126, "fraudulent billing and collection of mortgage Loan payments . . . under a false obligation," ¶ 127, a "fraudulent and predatory loan to the Plaintiffs," ¶ 128, and a "fraudulent representation that original Lender makes loans but never did make a loan or bring any equity to the loan transaction."

More than six pages of Ms. Rivers' complaint consist of legal argument regarding the unconstitutionality of the Deed of Trust Act. ¶¶ 20-42. In the next section of the complaint, Ms. Rivers denies that she is in default. ¶¶ 43-49. She omits allegations that explain why she is not in default. She does not, for example, allege that she has made timely payments in accordance with the note. She instead alleges "a fraudulent contrivance of accounting tricks as described in the following paragraphs . . . show[ing] that a default of the alleged subject loan is an accounting and mathematical impossibility." ¶ 43. No paragraph of her complaint supports this allegation.

---

[3] The court cites Ms. Rivers' complaint using bare "¶" symbols.

ORDER – 4

The next section of the complaint is a set of allegations about her loan account. ¶¶ 50-63. She repeatedly demands a "certified accounting" of her loan transaction, and denies that Citi ever completed one. She nowhere explains why Citi is required to produce a "certified accounting," nor does she explain what a certified accounting is. The notice of default includes a statement that Ms. Rivers ceased making payments on the note in May 2009, and includes an itemized statement of the amount she owed at the time of the default. Citi Mot., Ex. 3. Plaintiff nowhere addresses this itemization of the amount she owes. She contends that "all monthly loan payments of principal, interest, insurance and fees are, in fact, fraudulent overbillings and all monthly loan payments constitute overpayments that are due and refundable back to the Plaintiff." ¶ 60. She makes no attempt to explain these allegations.

The next section of the complaint is critical: it alleges that her mortgage note is fraudulent. ¶¶ 64-66. She asserts that "at the time the Note was executed Plaintiff had received no loan; Plaintiff signed the note in good faith but never received a true loan; . . . Plaintiff never received any benefit from deposit of the Note." ¶ 64. Again, this is difficult to comprehend, because Plaintiff does not allege that HLC (or someone else acting at HLC's direction) failed to pay off her prior note. Her complaint implausibly suggests that someone paid off her prior loan for free.

Plaintiff acknowledges that HLC assigned its interest in the note, and the next section of her complaint alleges that the assignment is invalid for "Failure of Consideration." ¶¶ 67-71. She contends that the entity or entities to whom the note was assigned did not pay consideration for the transfer.

The next section of the complaint addresses the assignment of the deed of trust, contending that it too is fraudulent. ¶¶ 72-81. She contends that MERS "deliberately and intentionally creat[ed] a fraudulent assignment to instigate a fraudulent trustee sale." ¶ 73. In a similar vein, she asserts that the acts of NW Trustee are void because its

ORDER – 5

appointment as a successor trustee is void and invalid. ¶¶ 82-90.  She also denies the validity of the deed of trust itself.  ¶¶ 91-100.

Ms. Rivers next refers to a series of documents she obtained from Laura Mathews, who is a "Certified Forensic Loan Auditor."  ¶¶ 101-116.  One of those documents is an affidavit from Ms. Mathews that declares that Fannie Mae, not Citi, owns Ms. Rivers' note. Compl., Exs. C-D.[4]  Ms. Mathews signed the affidavit, but the notary statement attached to it acknowledges that "William Schmidt" signed it.  *Id.*  Ms. Mathews' belief that Fannie Mae owns the note is apparently based on a "research memorandum" from Equitas Solutions Inc. ("Equitas") that she attached to her affidavit.  Equitas concluded, based on internet research, that Fannie Mae owns Ms. Rivers' note. Compl., Ex. C.  Ms. Mathews also attaches a "Forensic Audit," which appears to be a review of Ms. Rivers' loan documents along with the conclusion that various entities involved in the loan violated the federal Truth in Lending Act ("TILA"), the Home Ownership Equity Protection Act ("HOEPA"), the Real Estate Settlement Procedures Act ("RESPA"), and various other statutes.  Compl., Ex. D.  Citi is nowhere mentioned in the "forensic audit," and there is no explanation of how Citi violated any law.  *Id.*

Ms. Rivers also notes that she recorded a "Common Law Lien" suggesting that HLC owes her just over $2,000,000 for "Sweat Equity."  Citi Mot., Ex. 8-9.  She does not explain what, if anything, this has to do with Citi.

The court now turns to Citi's motion to dismiss Ms. Rivers' complaint.

### III.   ANALYSIS

Citi invokes both Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b).  Both rules require the court to focus on the allegations of the plaintiff's complaint.  Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim.  It requires the court to assume the truth of all of the complaint's factual allegations and credit all reasonable

---

[4] In discussing the documents from Ms. Mathews, the court in no way opines on their veracity or suggests that they would be admissible in evidence.  Instead, the court considers the allegations in these documents as allegations incorporated into Ms. Rivers' complaint.

ORDER – 6

inferences arising from its allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If it does so, its complaint survives dismissal as long as there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). The court typically cannot consider evidence or allegations beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims or defenses and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

The court considers the following documents to be part of Ms. Rivers' complaint: the December 2009 notice of default, both notices of trustee's sales, her June 2008 deed of trust, the January 2010 assignment of the deed of trust, and the January 2010 appointment of a successor trustee. Ms. Rivers' complaint explicitly relies on each of these documents, even though she attached none of them. With the exception of the notice of default, each of these documents has been recorded, permitting the court to take judicial notice of them. Finally, because Ms. Rivers refers repeatedly in her complaint to her note, the note is incorporated into the complaint. As the court will later discuss, however, it can take only limited inferences from the version of the note that Citi submitted.

For allegations that sound in fraud, a plaintiff must meet the heightened pleading standard of Fed. R. Civ. P. 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104-05 (9th Cir. 2003). By its text, Rule 9(b) requires the plaintiff to "state with particularity the circumstances constituting fraud," but permits general averments of "[m]alice, intent,

ORDER – 7

knowledge, and other conditions of a person's mind." The plaintiff's allegations must be specific enough to explain what about the defendant's conduct is false or misleading such that the defendant can formulate a specific denial. *Vess*, 317 F.3d at 1106.

### A.  Ms. Rivers States No Federal Statutory Claims Against Citi.

It is difficult to tell if Ms. Rivers intended to state any claims against Citi for violations of TILA, RESPA, HOEPA, or any other federal statute. Her complaint contains no allegations supporting such claims. Even though the court incorporates Ms. Mathews' allegations into the complaint, *see supra* n.4, Ms. Mathews does not mention Citi in her laundry list of statutory violations. Compl., Ex. 4. Citi's motion explicitly seeks dismissal of these statutory claims; Ms. Rivers did not respond to Citi's arguments. Her response mentions a "Qualified Written Request" that Citi allegedly dishonored, Dkt. # 15 at 7, although the record contains no copy of that request or other information about it. While a qualified written request is a creature of RESPA,[5] there is nothing in Ms. Rivers' complaint or anywhere else in the record that states a plausible RESPA claim against Citi.

Ms. Rivers has not stated a plausible claim for a violation of any federal statute. The court dismisses her complaint to the extent it purports to state such a claim.

### B.  Ms. Rivers Has Not Demonstrated That the Deed of Trust Act is Unconstitutional.

Ms. Rivers contends that the Washington Deed of Trust Act is unconstitutional. Unlike her other claims, her attack on the Deed of Trust Act does not depend on factual allegations. It is a purely legal argument. Ms. Rivers has not made that legal argument in opposition to Citi's motion to dismiss. Indeed, she never mentions the constitutionality of the Act in her briefs. Her legal argument is contained entirely in her complaint. Construing her pleadings liberally, the court will considers the legal argument from her complaint as if she had stated it in her motion to dismiss.

---

[5] *See*, *e.g.*, 12 U.S.C. § 2605(e)(1)(B) (defining "qualified written request").

ORDER – 8

First, although she never explicitly says so, the court assumes that Ms. Rivers contends that the Act violates the United States Constitution. She makes no mention of the Washington Constitution anywhere in her complaint.

Second, it is not clear what clause of the Constitution the Act allegedly violates. The section of the complaint entitled "*Washington Deed of Trust Act is Unconstitutional*", ¶¶ 20-42, does not mention any portion of the Constitution. The complaint's "Jurisdiction" section cites the "Thirteenth and Fourteenth Amendments to the national Constitution regarding involuntary servitude, enticement to slavery and other civil rights matters," ¶ 10, along with the "7th amendment," ¶ 8, and "Article 4, section 4 of the national Constitution," ¶ 9.

Ms. Rivers makes no effort to explain how the Deed of Trust Act violates the Seventh Amendment's preservation of the right to a jury trial in certain civil suits. She also does not explain how her suit invokes the Republican Guaranty Clause of Article IV, Section 4.

Ms. Rivers does mention slavery and involuntary servitude on several occasions in her complaint, apparently in an attempt to invoke the Thirteenth Amendment's prohibition on those practices. At the risk of understatement, the court holds that no obligation that the Deed of Trust Act imposes bears even a passing resemblance to either slavery or involuntary servitude.

Construed liberally, the complaint suggests that the Deed of Trust Act denies borrowers due process, and discriminates between borrowers and lenders. Again construed liberally, the court could construe the complaint as invoking the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment.

No amount of liberal construction, however, will remedy Ms. Rivers' failure to explain how the Deed of Trust Act violates the Equal Protection Clause or Due Process Clause. She provides neither convincing argument nor relevant case authority to support

ORDER – 9

her constitutional attack.  The court accordingly dismisses her complaint to the extent it purports to challenge the constitutionality of the Deed of Trust Act.

### C. Ms. Rivers Has Not Adequately Alleged Fraud.

Ms. Rivers' complaint is long on the use of the words "fraud" and "fraudulent," but short on any explanation of how anybody defrauded her.  Rule 9(b) requires her to plead the "time, place, and specific content of the false representations [or omissions] as well as the identities of the parties to the misrepresentation."  *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004).  In much of Ms. Rivers' complaint, she makes allegations of fraud without identifying what the false representation is at issue.

The only allegations in her complaint that potentially identify a false statement with sufficient particularity are her allegations that the parties who issued various foreclosure documents, including the notice of her default and the notices of trustee's sales, knew that they did not have a legal right to issue those notices.  But as to those alleged false statements, Ms. Rivers has not plausibly alleged the remaining elements of a claim for fraud.

A well-pleaded complaint of fraud must establish nine elements:

> (1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff.

*Adams v. King County*, 192 P.3d 891, 902 (Wash. 2008).  Among other things, Ms. Rivers has not plausibly alleged that she relied on any of the misstatements contained in her foreclosure documents.  Instead, she filed this lawsuit, alleging that she knew that the representations in the documents were false.  She has not plausibly alleged reliance.

The court dismisses Ms. Rivers' complaint to the extent it purports to state claims for fraud.

ORDER – 10

**D.     The Court Declines, At This Time, To Dismiss Ms. Rivers' Claim that Citi Has Not Complied With the Deed of Trust Act.**

As noted, the only causes of action that Ms. Rivers explicitly pleaded are her attack on the constitutionality of the Deed of Trust Act and five others that assert fraud. The court has dismissed all of those claims.

The court's obligation is not at an end, however, because Ms. Rivers' complaint implicitly states at least one more claim: that Citi is not entitled to foreclose on her home. Citi recognizes this claim, devoting a portion of its motion to dismiss to an argument that it is entitled to foreclose.

The court finds that Ms. Rivers has alleged two plausible theories in support of her claim that Citi cannot foreclose: that Citi does not hold her note, and that Citi initiated the foreclosure process before it had any legal right to do so.

Ms. Rivers alleges that there was no valid assignment of the note from HLC to Citi, and that Fannie Mae, not Citi, is the current noteholder. The court makes no assessment as to whether Ms. Rivers has any evidence to prove those claims. For the following reasons, however, the court holds that she has sufficiently alleged them.

Ms. Rivers alleges that she has a witness (Ms. Mathews) who will testify that Fannie Mae, not Citi, is the current noteholder. This allegation is not inherently implausible. The copy of the note that Citi submitted to the court contains an undated endorsement of the note from HLC to Citi, and no other endorsement. Ex. 1. But there is nothing before the court, much less something of which the court can take notice on a motion to dismiss, that establishes when this version of the note was created or whether there are any subsequent versions. It is possible, for example, that the note was once endorsed to Citi but later endorsed to another entity. Citi does not address this possibility. Indeed, Citi's motion to dismiss does not address Ms. Rivers' allegations regarding Fannie Mae's ownership of the note.

ORDER – 11

Ms. Rivers has also stated a viable claim that Citi lacked authority to issue a notice of default in December 2009, and thus failed to satisfy one of the Deed of Trust Act's prerequisites to foreclosure. The only notice of default before the court is the December 16, 2009 notice of default, which NW Trustee issued. Citi Mot., Ex. 3. So far as the court is aware, no one recorded a document appointing NW Trustee as the trustee for Ms. Rivers' deed of trust until January 14, 2010, when someone recorded MERS's January 8, 2010 appointment of NW Trustee. Citi Mot., Ex. 5. The Deed of Trust Act declares that a successor trustee has no power until a notice of his appointment is recorded. RCW § 61.24.010(2) ("Only upon recording the appointment of a successor trustee . . . the successor trustee shall be vested with all powers of an original trustee."). The Deed of Trust Act permits either a trustee or a beneficiary to issue a notice of default. RCW § 61.24.030(8). Assuming that NW Trustee was permitted to act as Citi's agent without acting as the trustee, the court could construe the notice of default as one that Citi issued. That does not dispose of Ms. Rivers' claim, however, because she alleges that Citi was not the beneficiary of the deed of trust in December 2009, because it was neither the noteholder nor the beneficiary by assignment of the deed. The only document before the court that addresses when Citi acquired an interest in Ms. Rivers' property is an assignment of the deed of trust dated January 8, 2010 that indicates that Citi acquired its interest in the note on the same date. Citi Mot., Ex. 4 (assigning deed of trust "[t]ogether with note or notes therein described or referred to").

Citi's reliance on the authentication requirement of the Federal Rules of Evidence does not make Ms. Rivers' claims less plausible. Citi contends that the copy of the note it submitted to the court is dispositive of any claim that it does not own the note. The note is commercial paper, and is thus a "self-authenticating" document within the meaning of Fed. R. Evid. 902(8). What Citi fails to appreciate, however, is that authentication within the meaning of the Federal Rules of Evidence is merely a "condition precedent to [the] admissibility" of evidence. *See* Fed. R. Evid. 901(a)

ORDER – 12

(describing authentication requirement); Fed. R. Evid. 902 (dispensing with requirement of "[e]xtrinsic evidence of authenticity as a condition precedent to admissibility" for certain categories of documents). Satisfying the threshold authentication requirement permits a party to rely on the document as evidence. *See*, *e.g.*, *United States v. Workinger*, 90 F.3d 1409, 1415-16 (9th Cir. 1996) (describing authentication requirement). It does not, however, prevent the other party from disputing whether the document is genuine. *See id.* (noting that once authenticity requirement is satisfied, evidence is admitted, and jury must decide whether document is not genuine); Fed. R. Evid. 902 Adv. Comm. Notes (1972) ("In no instance is the opposite party foreclosed from disputing authenticity."). Ms. Rivers disputes the authenticity of the note. It may be more accurate to say that she disputes whether the version of the note before the court accurately reflects who owns it. In any event, the court cannot dispose of her challenge to the note on a motion to dismiss.

For the reasons stated above, it is plausible that neither Citi nor NW Trustee had authority to issue the notice of default. Without a proper notice of default, no one has authority to foreclose on Ms. Rivers' property. RCW § 61.24.030(8). Among other things, a valid notice of default is a prerequisite to a valid notice of a trustee's sale.[6] *Id.* It is also plausible that Citi has transferred its interest in the note to another entity, and not entitled to foreclose for that reason. Ms. Rivers has thus plausibly stated a claim that Citi is not presently entitled to foreclose on her home.

**E.     Ms. Rivers Shall Adhere to Rule 11 in Future Submissions to the Court.**

Before concluding, the court directs Ms. Rivers to consider the obligations of Federal Rule of Civil Procedure 11. The court's disposition today did not require it to address each of the allegations of Ms. Rivers' complaint individually. Many of those allegations, however, are not merely implausible, they are likely improper. Rule 11

---

[6] The last recorded notice of trustee's sale set a sale date of January 14, 2011. Provided that it follows certain procedures, a trustee can postpone the sale for up to 120 days. RCW § 61.24.040(6). May 14, 2011 is 120 days after the last recorded notice of trustee's sale.

ORDER – 13

imposes on every attorney and unrepresented party the obligation to verify, among other things, that every pleading he or she files is "not being presented for an improper purpose," that it presents "claims, defenses, and other legal contentions [that] are warranted by existing law," that any "factual contentions have evidentiary support," and that "denials of factual contentions are warranted on the evidence . . . ." Fed. R. Civ. P. 11(b). The court directs Ms. Rivers to consider Rule 11 before she files additional documents with the court. The court places Ms. Rivers on notice that it will consider sanctions on its own initiative if her future pleadings, motions, or other documents violate Rule 11. *See* Fed. R. Civ. P. 11(c).

## IV.  CONCLUSION

For the reasons stated above, the court GRANTS in part and DENIES in part Citi's motion to dismiss. The court dismisses Ms. Rivers' complaint except to the extent it states claims based on Citi's failure to follow the Deed of Trust Act.

DATED this 19th day of May, 2011.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 14